FILED

October 7, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:25 A.M.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jana McQuiddy | ) Docket No. 2015-06-0593 |
| | ) |
| v. | ) State File No. 21252-2015 |
| | ) |
| Saint Thomas Midtown Hospital, et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua D. Baker, Judge | ) |

---

### Affirmed and Certified as Final - Filed October 7, 2016

---

The employee has appealed the trial court's dismissal of her claim for failure to prove she suffered an injury arising primarily out of and occurring in the course and scope of her employment. The employee alleged that she was injured when she slipped in liquid on her employer's premises and fell. At trial, the employer moved to dismiss the case at the close of the employee's proof, and the trial court granted the motion on the basis that the employee failed to prove by a preponderance of the evidence that she suffered an injury arising primarily out of and in the course and scope of her employment. The employee has appealed. We affirm the trial court's decision and certify the trial court's order dismissing the case as final.

Presiding Judge Marshall L. Davidson, III, delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Timothy W. Conner joined.

Jana McQuiddy, Nashville, Tennessee, employee-appellant, pro se

Lee Anne Murray, Nashville, Tennessee, for the employer-appellee, Saint Thomas Midtown Hospital

1

# Memorandum Opinion[1]

Jana McQuiddy ("Employee"), a resident of Davidson County, Tennessee, was employed as a phlebotomist by Saint Thomas Midtown Hospital ("Employer") when she allegedly suffered injuries in the course of her employment on March 11, 2015.[2]  On that date, Employee claims she slipped in liquid that had been spilled on a floor and fell, sustaining injuries to her hip, shoulder, and back.  Employer initially accepted the claim as compensable and provided medical treatment.  Employee attempted to return to work upon her release by the authorized treating physician, but her employment was terminated.

Employee filed a petition for benefit determination seeking temporary and permanent disability benefits.  Employee, the only witness to testify at trial, testified about her accident and her injuries.  According to the trial court's compensation hearing order, Employee submitted medical records to the court, but Employer objected to the court's consideration of causation opinions contained in the records on the basis that they were hearsay.  The trial court sustained the objection.

At the close of Employee's proof, Employer requested that the claim be dismissed because Employee failed to carry her burden of proving she suffered a compensable injury.  *See* Tenn. Code Ann. § 50-6-239(c)(6) (2015) ("[T]he employee shall bear the burden of proving each and every element of the claim by a preponderance of the evidence.").  The trial court granted the motion and dismissed the case, concluding that Employee failed to establish by a preponderance of the evidence that her injury arose primarily out of and in the course and scope of her employment.[3]  Employee has appealed.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Appeals Board deems appropriate, in cases that are not legally and/or factually novel or complex."  Appeals Bd. Prac. & Proc. § 1.3.

[2] Because neither a transcript of the trial nor a statement of the evidence has been provided, we have gleaned the facts from the pleadings and the trial court's compensation hearing order.

[3] We note that compensability was not identified as a disputed issue on the dispute certification notice ("DCN"), and Employer did not list any defense on the DCN challenging the compensability of Employee's accident.  The trial court's authority is limited to adjudicating issues certified by a mediator on the DCN unless a party seeking to add other issues satisfies certain statutory criteria.  Tenn. Code Ann. § 50-6-239(b)(1) and (2) (2015).  The trial court's compensation hearing order does not indicate whether these criteria were met.  However, we have no transcript of the trial and will not speculate as to what may have transpired at trial.  Moreover, Employee has not raised this issue in either the trial court or on appeal and, therefore, has waived the issue.

A.

This appeal suffers from two significant defects not uncommon in all types of appeals filed by self-represented litigants: an inadequate record and little or no meaningful argument concerning the factual or legal basis for the appeal. Either defect significantly hampers appellate review but, when combined, effective review becomes impractical. Such is the case here.

The first problem with this appeal is an inadequate record. Although there is no requirement that a transcript or statement of the evidence be filed to properly perfect an appeal, a party who elects not to submit either a transcript or a statement of the evidence does so at his or her peril. *Gilbert v. United Parcel Serv.*, No. 2016-06-0832, 2016 TN Wrk. Comp. App. Bd. LEXIS 38, at *13 (Tenn. Workers' Comp. App. Bd. Aug. 24, 2016). The reason, simply put, is that if the appellate court is not provided with a transcript or a statement of the evidence, the "court cannot know what evidence was presented to the trial court, and there is no means by which [it] can evaluate the appellant's assertion that the evidence did not support the trial court's decision." *Britt v. Chambers*, No. W2006-00061-COA-R3-CV, 2007 Tenn. App. LEXIS 38, at *8 (Tenn. Ct. App. Jan. 25, 2007).

In this case, testimony was presented to the trial court regarding the incident forming the basis of Employee's claim, as well as testimony concerning her injuries. The trial court relied on this testimony in deciding the case, noting that it considered "the evidence as a whole." However, we have been provided with no record of this testimony. Moreover, no statement of the evidence has been filed. Thus, the totality of the evidence introduced in the trial court is unknown, and we decline to speculate as to the nature and extent of the proof presented to the trial court. Instead, consistent with established Tennessee law, we must presume that the trial court's rulings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994) ("In the absence of a transcript or a statement of the evidence, we must conclusively presume that every fact admissible under the pleadings was found or should have been found favorably to the appellee.").

The second obstacle to appellate review in this case is the lack of any meaningful argument regarding the basis for the appeal. Specifically, in her notice of appeal, Employee fails to identify any issues for review, asserting only that she has "documents from Dr. on my condition & treatment plans." Further, the brief she filed on appeal does not identify any issues for review, make any argument, or otherwise explain how the trial court erred in resolving the case. Thus, we have no way of knowing the nature of her contentions on appeal.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed*

*v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Indeed, were we to search the record for possible errors and raise issues and arguments for Employee, we would essentially be acting as her counsel. The law clearly prohibits us from doing so, as appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a pro se party] may have made had [that party] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015). Accordingly, we decline to conduct an "archaeological dig" into the record in an attempt to discover errors that might benefit either party. *McEarl v. City of Brownsville*, No. W2015-00077-COA-R3-CV, 2015 Tenn. App. LEXIS 894, at *7 (Tenn. Ct. App. Nov. 6, 2015).

B.

Employee has filed numerous motions on appeal. These include (1) a "Motion for No Transcript," (2) a "Motion to Submit Medical Records," (3) a "Motion to Dismiss" regarding records of a particular physician, (4) a "Motion to Dismiss Impairment Rating," (5) a "Motion to Re-evaluate for Impairment Rating," (6) a "Motion to Submit No Misconduct," (7) a "Motion to Submit as Physical Condition Evidence," (8) a "Motion to Submit Physical Evidence," and (9) a "Motion to Submit [a] Medical Record."

Most of Employee's motions seek our consideration of medical records and other information she argues establish that she suffered a compensable injury and is entitled to benefits. However, none of the evidence she now seeks to introduce was provided to the trial court for its consideration. "Evaluating a trial court's decision on appeal necessarily entails taking into account information the trial court had before it at the time the issues were decided by the court, as opposed to the potentially open-ended universe of information parties may seek to present on appeal following an adverse decision." *Hadzic v. Averitt Express*, No. 2014-02-0064, 2015 TN Wrk. Comp. App. Bd. LEXIS 14, at *13 n.4 (Tenn. Workers' Comp. App. Bd. May 18, 2015). Accordingly, "we will not consider on appeal testimony, exhibits, or other materials that were not properly admitted into evidence at the hearing before the trial judge." *Id. See also* Tenn. Comp. R. & Regs. 0800-02-22-.04(1) (2015) ("Evidence not contained in the record submitted to the clerk of the workers' compensation appeals board shall not be considered on appeal."). Employee's motions to submit medical records and other information not admitted at trial are denied.

Employee's "Motion for No Transcript" is likewise denied. Employee asserts that there is no transcript because all the evidence was not presented at trial. To the extent Employee maintains that it was somehow impossible to provide a transcript of the trial because she failed to introduce all the evidence she could have introduced, Employee's assertion is incorrect. Regardless of any deficiencies in the proof, a transcript could have

4

been prepared and filed.  To the extent Employee appears to request that she be relieved of an obligation to submit a transcript, we reiterate that, although a transcript is an important element of appellate review, the submission of a transcript on appeal is permissive, not mandatory.  *Navyac v. Universal Health Servs.*, No. 2015-06-0677, 2016 TN Wrk. Comp. App. Bd. LEXIS 17, at *5 (Tenn. Workers' Comp. App. Bd. Mar. 31, 2016).  Employee's "Motion to Submit No Misconduct," "Motion to Dismiss" regarding records of a physician, and "Motion to Dismiss Impairment Rating," are denied as well.

The trial court's decision is affirmed and the court's order dismissing the case is certified as final.

**FILED**

**October 7, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:25 A.M.**



**TENNESSEE BUREAU OF WORKERS' COMPENSATION
WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| Jana McQuiddy | ) | Docket No. 2015-06-0593 |
| | ) | |
| v. | ) | |
| | ) | State File No. 21252-2015 |
| Saint Thomas Midtown Hospital, et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 7th day of October, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Jana McQuiddy | | | | | X | Jabmcquiddy@gmail.com |
| Lee Anne Murray | | | | | X | leeamurray@feeneymurray.com |
| Mary Head | | | | | X | mary@feeneymurray.com |
| Joshua Davis Baker, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |



Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov